UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CARLOS RUIZ FLOREZ,
    Plaintiff,
vs.

40-56 JUNCTION BOULEVARD LLC and
DON FRANCISCO RESTAURANT, INC.,
    Defendants.

Case No.: 21-cv-06082-BMC

## PLAINTIFF'S VERIFIED MOTION FOR FINAL DEFAULT JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT OF MOTION

COMES NOW, Plaintiff CARLOS RUIZ FLOREZ ("Plaintiff"), by and through undersigned counsel, and moves the Court for the entry of a final default judgment pursuant to Fed. R. Civ. P. 55(b)(2) and Local Civil Rule 55.2(b), against Defendants, 40-56 JUNCTION BOULEVARD LLC and DON FRANCISCO, INC. ("Defendants"), and files herewith his memorandum of law in support of said motion, and states:

### Procedural History

**1)**    This action was filed on November 1, 2021.

**2)**    Defendants were served with the Complaint [DE#1] through the Secretary of State on November 5, 2021.

**3)**    Additionally, undersigned's office mailed Defendant a copy of the Complaint with a cover letter advising that their answers were due by November 26, 2021.

**4)**    On November 29, 2021, undersigned's office mailed another letter to the Defendants advising that their answers to the Complaint were overdue and that if they did not file an answer or make an appearance by December 10, 2021, that undersigned would be moving for a Clerk's default.

5) On December 14, 2021, Defendants had still failed to file any answer or appear in this action and Plaintiff filed his Request for Clerk's Default [DE#11]. A copy of the Affirmation in Support of Default and Proposed Default were mailed to both of the Defendants on December 14, 2021.

6) The Clerk entered the Default [DE#12] against Defendants on December 16, 2021. Undersigned's office mailed a copy of the Default [DE#12] to both of the Defendants on December 16, 2021.

7) As of the date of this motion, Defendants still have not made any appearance in this action, contacted the undersigned, or filed any documents.

## Factual Allegations in Support of Motion

8) Defendants have failed to answer or otherwise respond to the Complaint [DE#1] resulting in the Clerk issuing a Default [DE#12] against both Defendants.

9) The instant motion is supported by all necessary and proper documents and all of the relevant considerations weigh in favor of granting Plaintiff's motion.

10) Plaintiff commenced this action for declaratory and injunctive relief, as well as damages, pursuant to Title III of the Americans with Disabilities Act 42 U.S.C. § 12181, *et seq*. ("ADA"), and other applicable state and local laws, alleging, *inter alia*, that the Defendants violated the foregoing statutes. Plaintiff's Complaint [DE#1] includes a request for reasonable attorney's fees and costs, which the Defendants are liable for pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 36.503.

11) Defendant, 40-56 JUNCTION BOULEVARD LLC, is a limited liability company that transacts business in the State of New York and within this judicial district. Defendant is the

owner of the real property, which is the subject of this action located on or about at 40-56 Junction Blvd., Flushing, NY 11368 ("Subject Property").

12) Defendant, DON FRANCISCO RESTAURANT INC., is a domestic corporation and transacts business in the State of New York and within this judicial district. Defendant is the lessee and operator of the premises known as NUEVO DON FRANCISCO, located on or about at 40-56 Junction Blvd., Flushing, NY 11368 ("Subject Property").

13) Pursuant to the ADA, the Subject Property is a place of public accommodation in that it operates as a "restaurant, bar, or other establishment serving food or drink." *See* 42 U.S.C. § 1281(7)(B) and 28 C.F.R. § 36.104.

14) Plaintiff has standing under the ADA as he suffered a spinal cord injury as a child complete from the T-7 to T11, has paraplegia, and is required to ambulate in a wheelchair. Plaintiff lives within proximity to the Subject Property, has visited the Subject Property where he was injured by his lack of access to the Subject Property due to architectural barriers in violation of the ADA and ADAAG, and intends to return to the Subject Property once the architectural barriers have been removed and remediated so that he has full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered by the Defendants at the Subject Property.

**Legal Argument**

15) Defendants are both business entities registered in the State of New York, duly organized and existing pursuant to the laws of the State of New York. As such, the Secretary of State is an authorized agent to accept service and did accept service of the Complaint [DE#1] on the Defendants. Likewise, the Subject Property, a place of public accommodation under the ADA, is located in the State of New York and within the Eastern District of New York.

16) Entry of a final default judgment is governed by Fed. R. Civ. P. 55 and Local Civil Rule 55.2, which provide that where a party fails to plead or otherwise defend against a complaint, and after entry of a default, default judgment may be entered against such party. As stated in paragraphs 1-7 above and evidenced by the Court's docket in this action, those criteria have been met.

17) Defendants maintain a place of public accommodation under the ADA and are also covered entities under the Executive Law and Administrative Code. As alleged in the Complaint [DE#1], the removal of the stated barriers to access are readily achievable and failure to remove those barriers constitute a pattern or practice of discrimination against individuals in violation of the ADA and within the meaning of the ADA. *See* 42 U.S.C. § 12182(a), (b)(2)(A)(iv); 42 U.S.C. § 12188(b)(1)(B)(i); 28 C.F.R. § 36.304; and 28 C.F.R. § 503(a).

18) Under a Rule 55(b) motion for default judgment, the Court should "accept as true all the factual allegations of the complaint, except those relating to damages." *Au Bon Pain Corp vs. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). Accordingly, the Court should accept as true all allegations in the Complaint [DE#1] for purposes of determining the Defendants' liability.

19) There are no material facts at issue and the grounds for default judgment have been clearly established. There is no reason to believe that compelling the Defendants to comply with the ADA, imposing injunctive relief, or awarding reasonable attorney's fees and costs would be unduly harsh or inequitable considering that if the Defendants had meritorious defenses to the Plaintiff's claims the Defendants had ample opportunity to assert them and failed.

### Reserving Ruling to Award Reasonable Attorney's Fees and Costs

20) The only question that remains is the proper valuation of damages to which Plaintiff is entitled. Upon entry of the final default judgment, the Plaintiff intends to attempt to

reach out to the Defendant in an attempt to prompt their compliance with such Final Default Judgment.

**21)**   Plaintiff requests that the Court reserve ruling on attorney's fees and allows the Plaintiff 180 days to finalize a motion to tax reasonable attorney's fees and costs after attempting to prompt Defendants' compliance or to attempt to enforce any final default judgment entered which includes injunctive relief.  The Plaintiff's proposed final default judgment requests that the Defendants be given 90 days from the date of the order to comply with the remediations stated therein.

**22)**   Undersigned will undoubtedly expend additional time and costs in serving any final default judgment and attempting to prompt Defendants' compliance with or attempting to enforce the same.  Any amount of fees and costs requested at this time would be incomplete and would require a secondary motion to tax the additional costs and fees to be incurred.

**23)**   In the interest of preserving the Court's time and resources, and in the interest of only filing one of the same type of motion, it is reasonable to wait to move to tax costs and award fees until the majority of the time and costs have already been expended and any minimal anticipated costs and fees can be reasonably estimated.

WHEREFORE, Plaintiff, by and through undersigned counsel, respectfully request that the Court enter a Final Default Judgment providing the requested injunctive relief, requiring the removal of all barriers to access as plead in the Complaint [DE#1], and reserving ruling to tax costs and award reasonable attorney's fees following Plaintiff's service of the final default judgment and attempts to prompt compliance with or enforce the same.

> Respectfully submitted,
>
> s/ *Maria-Costanza Barducci*

Maria-Costanza Barducci, Esq. (5070487)
*Attorney for Plaintiff*
Barducci Law Firm, PLLC
5 West 19th St., 10th Floor
New York, NY 10011
(212) 433-2551

## 28 U.S.C. § 1746 VERIFICATION

*Under penalties of perjury, I, MARIA-COSTANZA BARDUCCI, declare that I am the attorney for Plaintiff in this action, have personal knowledge of the factual statements made herein, and that the facts and information stated in this motion are true and correct to the best of my knowledge.*

s/ *Maria-Costanza Barducci*
Maria-Costanza Barducci, Esq. (5070487)
*Attorney for Plaintiff*
Barducci Law Firm, PLLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Verified Motion for Final Default Judgment and Memorandum of Law in Support of Motion, together with the Proposed Final Default Judgment, were served on the Defendants, by Certified U.S. Mail on January 14, 2022, as follows:

1) 40-56 Junction Boulevard LLC c/o Joseph Giahn, 40-56 Junction Blvd., Corona, NY 11368

2) Don Francisco Restaurant, Inc., 40-56 Junction Blvd., Corona, NY 11368

s/ *Maria-Costanza Barducci*
Maria-Costanza Barducci, Esq. (5070487)
*Attorney for Plaintiff*
Barducci Law Firm, PLLC